JAMES CALIOPOULOS ET AL., PROSECUTORS, v. PETER CHAGARIS ET AL., DEFENDANTS.

Argued October 7, 1924—Decided October 20, 1924.

**Certiorari—Review of Order of Common Pleas, Setting Aside Verdict as Excessive—Jurisdiction—Common Pleas Orders Reviewable Not by Certiorari, but by Writ of Error.**

On *certiorari*.

Before Justices KALISCH, BLACK and CAMPBELL.

. For the prosecutors, *Aaron A. Melniker.*

For the defendants, *Butler & Butler.*

PER CURIAM.

The *certiorari* in this case was allowed to review an order made by an acting judge of the Court of Common Pleas of Hudson county, setting aside a verdict of a jury, tried in that court, as excessive. The suit was brought to recover damages for an alleged wrongful declaring a chattel mortgage in default and for attempting to foreclose the mortgage. The case was tried on October 25th, 1923. The verdict was for the plaintiff for $2,250. The rule to show cause was allowed October 31st, 1923, returnable November 28th, 1923. The rule for the new trial was not argued until April 29th, 1924. The rule was continued and kept alive, the court said, by consent of counsel. It was decided on May 7th, 1924, when a new trial was ordered, and the rule made absolute.

We are confronted at the outset in the consideration of this case with the question of jurisdiction. What was said by the Court of Errors and Appeals, in reference to a *certiorari* issued to the Circuit Court, is pertinent and decisive of this case. The Circuit Court is, so is the Court of Common Pleas, a constitutional court of record, having general jurisdiction over common law actions *inter partes,* and proceedings therein according to the course of the common law. As such, its orders are reviewable, not by *certiorari,* but by writ of error, and only after final judgment. *Taylor Provision Co. v. Adams Express Co., 72 N. J. L.* 220. In that case, it was also said, the writ of *certiorari* should not have been allowed, and after allowance should have been dismissed. So, an application for setting aside a verdict and awarding a new trial is always addressed to the judicial discretion of a court, and error cannot be urged against such exercise of that discretion. *Furman v. Applegate, 23 Id.* 33. The office

of the writ of *certiorari* in this class of cases is in the nature of that of a writ of error. Therefore, its allowance is governed by similar principles. *Hoxey* v. *City of Paterson*, 39 *Id.* 493. This also disposes of the alleged irregularities in the prosecution of the rule between the date of its return, November 28th, 1923, and the date of the argument, on April 29th, 1924. The result is, the *certiorari* allowed in this case is dismissed.